# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONVATEC, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 24-1248-RGA-SRF |
| | ) |
| HR PHARMACEUTICALS, INC. | ) |
| d/b/a HR HEALTHCARE, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Presently before the court in this patent infringement action is the partial motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), filed by defendant HR Pharmaceuticals, Inc. ("HRHC").[1] (D.I. 23) For the following reasons, I recommend that the court GRANT HRHC's motion for judgment on the pleadings with respect to Counts III and IV of the complaint.

## I. BACKGROUND[2]

Plaintiff Convatec, Inc. ("Convatec") is a global medical products and technologies company focused on solutions for the management of chronic conditions such as wound, ostomy, continence, and infusion care. (D.I. 1 at ¶ 12) In 2021, Convatec acquired the asserted patents, which cover a product line of ready-to-use ("RTU") and pre-lubricated intermittent urinary catheters for patients suffering from urinary incontinence. (Id. at ¶ 13)

---

[1] The briefing and associated filings relating to the motion for judgment on the pleadings are found at D.I. 24, D.I. 33, and D.I. 34.

[2] In accordance with the legal standard governing a Rule 12(c) motion for judgment on the pleadings, which requires the court to view all factual allegations in the pleadings in the light most favorable to the non-moving party, this summary of the facts is based on the allegations in Plaintiff's pleadings. (D.I. 1; D.I. 15); see EMSI Acquisition, Inc. v. RSUI Indem. Co., 306 F. Supp. 3d 647, 652 (D. Del. 2018).

HRHC supplies lubricant to Convatec for use in Convatec's catheter products, shipping the lubricant directly to Convatec's manufacturer. (*Id.* at ¶¶ 14-15) While acting as a supplier for Convatec, HRHC began manufacturing and selling the accused products by using Convatec's equipment and packaging film suppliers. (*Id.* at ¶¶ 16-18)

On November 13, 2024, Convatec brought this suit asserting causes of action for patent infringement (Counts I and II), tortious interference with a prospective business and contractual relationship (Count III), and unfair competition (Count IV). HRHC filed its answer and counterclaims on January 6, 2025, and Convatec answered HRHC's counterclaims on January 27, 2025. (D.I. 10; D.I. 15) The pleadings are now closed. On February 21, 2025, HRHC filed the pending motion for judgment on the pleadings, which seeks dismissal of Convatec's tortious interference and unfair competition claims at Counts III and IV of the complaint, respectively. (D.I. 23)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c). The movant will not prevail unless it is clearly established that "no material issue of fact remains to be resolved and that [the movant] is entitled to judgment as a matter of law." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988). Because a Rule 12(c) motion is analyzed under the same standards that apply to a Rule 12(b)(6) motion, the court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the non-moving party." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008). "The purpose of judgment on the pleadings is to dispose of claims where the material facts are undisputed and judgment can be entered on the competing pleadings and

exhibits thereto, and documents incorporated by reference." *Venetec Int'l, Inc. v. Nexus Med., LLC*, 541 F. Supp. 2d 612, 617 (D. Del. 2008).

## III. DISCUSSION

HRHC contends that Convatec's state law claims at Counts III and IV of the complaint should be dismissed because they are preempted by federal patent law. (D.I. 24 at 3-4) According to HRHC, the tortious interference and unfair competition claims are based solely on patent infringement, and patent infringement is governed exclusively by federal patent law. (*Id.*) Plaintiff responds that its state law claims are not preempted by federal patent law because the state law claims contain additional elements of proof beyond those required by federal patent law. (D.I. 33 at 6-11)

State law can be preempted by federal law in one of three ways: (1) explicit preemption by Congress, (2) field preemption, or (3) conflict preemption. *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1332 (Fed. Cir. 1998), *overruled in part on other grounds by Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1359 (Fed. Cir. 1999). Here, the parties agree that conflict preemption governs the analysis. (D.I. 24 at 3-4; D.I. 33 at 4-5) Conflict preemption applies when state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941).

In general, federal patent law does not preempt state law claims if those claims "include additional elements not found in the federal patent law cause of action and if they are not an impermissible attempt to offer patent-like protection to subject matter addressed by federal law." *Rodime PLC v. Seagate Tech., Inc.*, 174 F.3d 1294, 1306 (Fed. Cir. 1999) (citing *Dow Chem. Co. v. Exxon Corp.*, 139 F.3d 1470, 1473 (Fed. Cir. 1998)). However, the analysis is not a matter of

3

"mechanically compar[ing] the required elements of the state law claim to the objectives embodied by federal patent law." *BearBox LLC v. Lancium LLC*, 125 F.4th 1101, 1112 (Fed. Cir. 2025). Instead, the court must consider "whether federal patent law preempts the state law claim because the state law claim *as pled* stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* (emphasis in original; internal citations and quotation marks omitted).

I recommend that the court GRANT HRHC's motion for judgment on the pleadings with respect to Counts III and IV of the complaint because those causes of action, as pled, are based solely on Convatec's allegations of patent infringement. The elements of a claim for tortious interference with a prospective business relation are: "(a) the reasonable probability of a business opportunity, (2) the intentional interference by the defendant with that opportunity, (c) proximate causation, and (4) damages." *Organovo Holdings, Inc. v. Dimitrov*, 162 A.3d 102, 122 (Del. Ch. 2017). "The tort of unfair competition overlaps substantially with tortious interference with prospective business relations[,]" requiring a showing "(1) that the plaintiff has a reasonable expectancy of entering a valid business relationship; (2) that the defendant wrongfully interferes with that relationship; and (3) that the defendant thereby defeats the plaintiff's legitimate expectancy and causes him harm." *Ryanair DAC v. Booking Holdings Inc.*, C.A. No. 20-1191-WCB, 2024 WL 3732498, at *31 (D. Del. June 17, 2024).

With respect to Convatec's tortious interference claim at Count III of the complaint, the pleading alleges HRHC interfered with Convatec's business expectation by selling the accused products in competition with Convatec's patented products.[3] (D.I. 1 at ¶ 58) Because such sales

---

[3] Count III of the complaint avers:

4

are covered by federal patent law, Convatec's claim for tortious interference is preempted. *See Metrom Rail, LLC v. Siemens Mobility, Inc.*, C.A. No. 22-49-RGA, 2023 WL 2598775, at *1 (D. Del. Mar. 22, 2023). The fact that a claim for tortious interference requires elements beyond those needed to state a claim for patent infringement does not alter the analysis because Convatec's allegations, as pled, "rest solely on the conduct of patent infringement." *Knova Software, Inc. v. Inquira, Inc.*, C.A. No. 06-381-JJF, 2007 WL 1232186, at *2 (D. Del. Apr. 27, 2007) (granting motion to dismiss tortious interference claim as preempted under federal patent law).

Convatec's cause of action for unfair competition at Count IV of the complaint is also preempted by federal patent law. The complaint alleges that HRHC "engaged in unfair competition, with willful, wanton and reckless disregard for Convatec's patent rights." (D.I. 1 at ¶ 61) Convatec does not aver any conduct in support of the claim, such as bad faith conduct by HRHC, beyond the acts alleged in connection with the patent infringement claims. *See Knova Software*, 2007 WL 1232186, at *3 & n.1 (concluding that failure to allege bad faith distinguished the facts of the case from Federal Circuit cases finding state law tort claims were not preempted). Pleaded averments regarding HRHC's use of Convatec's vendors and suppliers

> 56. Given Convatec's position as the only party legally authorized to sell the Covered Products, Convatec has a reasonable expectation of the economic advantage of contracting with customers for the sale of the Covered Products.
> 57. HRH has knowledge of Convatec's expectations regarding its prospective business relationships and sales contracts with these customers, particularly as HRH has been, and is currently, a long-standing supplier of lubricant that is sold together with some of Convatec's catheter products.
> 58. HRH's sales of the Accused Products in competition with the Covered Products are not privileged, as those sales infringe the Asserted Patents.

(D.I. 1 at ¶¶ 56-58) These allegations do not contain any facts to establish HRHC acted intentionally or in bad faith to disrupt an economic relationship between Convatec and its customers beyond allegations of sales that infringe Convatec's patents. *See Knova Software*, 2007 WL 1232186, at *2.

to manufacture the accused products demonstrate HRHC's efforts to copy Convatec's patented products in support of the infringement allegations. (D.I. 1 at ¶¶ 14-19)

Convatec relies on a case from this district that held a state law tortious interference claim was not preempted by federal patent law because the state law claim required proof of several elements in addition to patent infringement. (D.I. 33 at 8, 10-11); *Cryovac Inc. v. Pechiney Plastic Packaging, Inc.*, 430 F. Supp. 2d 346, 359 (D. Del. 2006). However, *Cryovac* clarifies that the state law tortious interference claim was only partially based on the patent infringement claim. *Id.* ("[T]he tortious interference claims, even though they are based in part on Cryovac's assertion that Pechiney willfully infringed [the asserted] patent, require Cryovac to prove a number of things in addition to willful infringement[.]"). In that case, the plaintiff alleged that the defendant induced the plaintiff's customer to breach its supply agreement with the plaintiff and engage with the defendant instead. *Id.* at 359-61. In contrast, the instant complaint alleges only that HRHC became knowledgeable about Convatec's products and manufacturing process through its role as Convatec's supplier, and it used that knowledge to create its own allegedly infringing products. (D.I. 1 at ¶¶ 14-19) As previously discussed, more recent case authority from this district has reached the opposite conclusion. *See Metrom Rail*, 2023 WL 2598775, at *1; *Knova Software*, 2007 WL 1232186, at *3 & n.1.

## IV.   CONCLUSION

For the foregoing reasons, I recommend that the court GRANT HRHC's motion for judgment on the pleadings pursuant to Rule 12(c) and dismiss Counts III and IV of the complaint without prejudice. (D.I. 23)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections

within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: June 10, 2025

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE